IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JS IP LLC, | CASE NO. 8:11CV37 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE |
| LIV VENTURES INC., and LIV HOLDINGS LLC, | |
| Defendants. | |

This matter is before the Court on the Motion for Leave to file a Surreply (Filing No. 29) submitted by Plaintiff JS IP LLC ("Plaintiff"). For the reasons discussed below, the Court will grant the Motion and direct the parties to show cause, if any, why the Motion to Dismiss and/or Motion for Partial Summary Judgment (Filing No. 9) filed by Defendants LIV Ventures, Inc. and LIV Holdings, LLC (collectively "Defendants"), should not be converted to a motion for summary judgment on all issues, under Federal Rule of Civil Procedure 12(d). In the absence of good cause shown, the Motion will be converted to one for summary judgment on all issues.

## DISCUSSION

**I.    Leave to File Surreply**

Defendants' Reply Brief (Filing No. 25) raises for the first time certain issues to which the Plaintiffs, in the interest of justice, should be allowed to respond. Plaintiff's Motion to File a Surreply Brief will be granted, and Plaintiff will be given leave to file the proposed brief as a separate docket entry.

**II.   Conversion of Motion to Dismiss to Motion for Summary Judgment**

Fed. R. Civ. P. 12(d) states that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment

under Rule 56." It also notes that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The Eighth Circuit has held that "constructive notice that the court intends to consider matters outside the complaint can be sufficient." *Van Zee v. Hanson*, 630 F.3d 1126, 1129 (8th Cir. 2011) (quoting *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000).

Although the Defendants style their Motion as one for both dismissal under Rule 12(b)(6) and for partial summary judgment under Rule 56, all parties refer the Court to evidence outside the pleadings when addressing issues concerning the Rule 12(b)(6) Motion. For example, Plaintiff refers the Court to the Declaration of Mario Romine, and supporting evidence, to support its argument that the Complaint establishes competitive proximity sufficient to state a claim for infringement. (See Pl. Br., Filing No. 16, at 14.) This evidence falls outside the pleading, and, if considered by the Court, converts the entire Motion into one for summary judgment.

The parties' presentation appears to serve as constructive notice that the parties intend the Court to consider matters outside the pleadings. Therefore, the Court will order the parties to show cause, if any, why Defendants' Motion should not be converted into one for summary judgment with respect to all issues, and analyzed under Rule 56. In the absence of good cause shown, the motion will be so converted and considered under Rule 56.

Accordingly,

IT IS ORDERED:

1. The Plaintiff's Motion for Leave to file a Surreply Brief (Filing No. 29) is granted, and Plaintiff JS IP LLC will file the proposed Surreply Brief as a separate docket entry; and

2. On or before August 8, 2011, the parties may file a response to this Order, showing cause, if any, as to why the Motion to Dismiss and/or Motion for Partial Summary Judgment (Filing No. 9), filed by Defendants LIV Ventures, Inc., and LIV Holdings, LLC, should not be converted in its entirety to a motion for summary judgment under Federal Rule of Civil Procedure 12(d).

DATED this 1st day of August, 2011.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge